## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Edward A. Bobrick | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 2176 | **DATE** | 12/5/2003 |
| **CASE TITLE** | STS Consultants, Ltd vs. InterNatl Union of Operating, etc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
  ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]  Defendant's Motion to Dismiss [31-1] is denied. Enter Memorandum Order.

(11) ■ [For further detail see order attached to the original minute order.]

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| STS CONSULTANTS, LTD., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 03 C 2176 |
| ) | Edward A. Bobrick, |
| INTERNATIONAL UNION OF ) | Magistrate Judge |
| OPERATING ENGINEERS, LOCAL 150, ) | |
| ) | |
| Defendant. ) | |

DOCKETED
DEC 0 9 2003

## MEMORANDUM ORDER

Before the court is the motion of defendant International Union of Operating Engineers, Local 150 ("Local 150") to dismiss the first amended complaint of plaintiff STS Consultants, Ltd.("STS").

## I. BACKGROUND

The plaintiff, STS, is an engineering corporation specializing in geotechnical and construction materials engineering. In its consulting practice, STS independently monitors the performance of construction contractors on behalf of its clients in order to ensure the contractors comply with project specifications. STS brings this action against Local 150, alleging violations of Sections 8(b)(4)(B) and 8(b)(4)(D) of the National Labor Relations Act ("NLRA"). 29 U.S.C. §§ 158(b)(4)(B); (D). According to STS's First Amended Complaint, the defendant, Local 150, has picketed or threatened to picket more than thirty

36

job sites where STS is either working or has submitted proposals for work. (*First Amended Complaint*, ¶ 4). STS claims that, at some of the locations, Local 150 has picketed entrance gates that only neutral employees use, and has directly appealed to neutral employees to withhold services at sites where STS was employed. STS also claims that Local 150 has, on numerous occasions, threatened to picket owners, developers, or contractors unless STS was removed from the job. (*Id.*, ¶ 5). Finally, STS alleges that Local 150 agents threatened to picket one jobsite and repudiate a project labor agreement if disputed work was not assigned to Local 150. (*Id.*). In all of these activities and at all locations, according to STS, Local 150's object has been to induce or encourage neutral employees to withhold their services and to encourage the site owner or developer to stop doing business with STS, or to force employers to assign work to Local 150. (*Id.*, ¶ 5).

Local 150 moves to dismiss the Section 8(b)(4)(D) portion of plaintiff's complaint. According to Local 150, "STS has alleged that Local 150 threatened to repudiate a project labor agreement against the general contractor." (*Local 150's Motion to Dismiss*, at 4). Calling this STS's "only" allegation, Local 150 submits that STS has failed to state a claim under Section 8(b)(4)(D) as a matter of law. (*Id.* at 5). Local 150 also finds fault with an exhibit STS attached to its complaint, a field note, which does not indicate that Local 150 threatened to picket. (*Id.*; *First Amended Complaint*, Ex. A). As the court reads the field note, it suggests that Local 150 might terminate their project labor agreement at the

2

Mc4West site if the STS representative remained there. Local 150 argues that this exhibit contradicts the allegations in the complaint, and that the complaint must be dismissed.

When considering a motion to dismiss under Fed.R.Civ.P. 12(b)(6), the court must accept as true all well-pleaded factual allegations and draw all reasonable inferences in the plaintiff's favor. *McCullah v. Gadert*, 344 F.3d 655, 657 (7th Cir. 2003). All that the Federal Rules of Civil Procedure require is a short plain statement showing the plaintiff is entitled to relief, the purpose of which is to give the defendant notice of the claims and the grounds upon which they rest. *Thompson v. Illinois Dept. of Prof. Regulation*, 300 F.3d 750, 753 (7th Cir. 2002). All that need be specified is the bare minimum facts necessary to put the defendant on notice of the claim so he can file answer. *Higgs v. Carver*, 286 F.3d 437, 439 (7th Cir. 2002). STS's first amended complaint easily meets these requirements.

Section 8(b)(4)(D) of the NLRA makes it unlawful for a union to act to "coerce" an employer with an object to force the employer to assign work to employees in a particular labor organization rather than to another group of employees.[1] The provision

---

[1] More specifically, the section provides that:

> It shall be an unfair labor practice for a labor organization or its agents--
> (4) (i) to engage in, or to induce or encourage any individual . . . to engage in, a strike or a refusal in the course of his employment to use, manufacture, process, transport, or otherwise handle or work on any goods, articles, materials, or commodities or to perform any services; or (ii) to threaten, coerce, or restrain any person engaged in commerce or in an industry affecting commerce, where in either case an object thereof is–

3

was intended to address "jurisdictional" disputes, which typically involve a conflict between rival groups of employees where the employer ordinarily stands aloof, with no particular interest in the outcome. *Local 14 v. N.L.R.B.*, 85 F.3d 646, 652 (D.D.C. 1996). Here, STS has alleged that Local 150 has picketed or threatened to picket more than thirty jobsites with the intent to force employers to assign work to Local 150. These allegations are sufficient to state a claim under Section 8(b)(4)(D), in much the same way STS's Section 8(b)(4)(B) allegations were sufficient to withstand Local 150's previous motion to dismiss. (*Minute Order of May 28, 2003*). Despite Judge Holderman's ruling on that motion, Local 150 seems to have gone down the same dead end once more. This motion, too, must be denied.

It is perhaps telling that, throughout its submissions on this matter, Local 150 decries the lack of evidence to support STS's allegations. (*Local 150's Motion to Dismiss*, at 5 ("There is no evidence on the face of the Complaint or Exhibit A that Local 150 ever demanded that ECS change the assignment of work . . ."; *Local 150's Reply*, at 5 ("There is simply no evidence that Local 150 threaten[sic] to picket STS to change an assignment

---

(D) forcing or requiring any employer to assign particular work to employees in a particular labor organization or in a particular trade, craft, or class rather than to employees in another labor organization or in another trade, craft, or class, unless such employer is failing to conform to an order or certification of the Board determining the bargaining representative for employees performing such work

\* \* \*

of work."). This is a motion to dismiss, however, so Local 150's concerns about evidence are inappropriate at this point in the proceedings.

Another problem with Local 150's motion is that it focuses almost entirely on allegations regarding a single jobsite: Mc4West. Clearly, however, STS's allegations refer to all jobsite locations. (*First Amended Complaint*, ¶¶4-5). Local 150's confusion was no doubt precipitated by the fact that STS alleged that Local 150 threatened to picket that site (*Id.*, ¶5) and attached an exhibit that purportedly detailed this threat. The attached exhibit, however, does nothing of the kind, failing to even mention picketing. That being said, it does not constitute evidence that Local 150 *did not* threaten to picket the site, as Local 150 eagerly suggests. As such, it is not the type of *contradictory* exhibit that "trumps the allegations" of the complaint. *Cf. Thompson*, 300 F.3d at 754 (Rule is well-settled that when a written instrument contradicts the allegations of the complaint, the exhibit trumps the allegations). It is merely the type of exhibit that does not really support the allegations of the complaint, but appears to be more along the order of surplusage. In any event, it lends support to Local 150's arguments for dismissal of STS's complaint.

## III. CONCLUSION

For the foregoing reasons, the defendant's motion to dismiss the plaintiff's first amended complaint is DENIED.

ENTERED: *[signature]*
EDWARD A. BOBRICK
U.S. MAGISTRATE JUDGE

DATE: December 5, 2003